948 F.2d 1290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PRISONERS PROGRESS ASSOCIATION, et al., Plaintiffs-Appellees,
v.
Perry JOHNSON, Defendant,
Robert Brown, Jr. and Charles Egeler, Defendants-Appellants.
 No. 90-1972.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1991.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant-appellant in this case, Robert Brown, Jr., in his capacity as director of the Michigan Department of Corrections (department),[1] appealed from an order of the district court denying the department's motion to modify or terminate a consent judgment governing visitation policies at the State Prison of Southern Michigan (prison). The plaintiffs-appellees, who are the Prisoners Progress Association, a number of individually named plaintiffs, and a certified class of similarly situated individuals, petitioned the district court on March 6, 1989, to reopen the case and enforce the consent degree, which had been filed with and approved by the district court on April 2, 1981.
 
 
 2
 The motions were referred to a magistrate who exhaustively reviewed the evidence and recommended that the motion to modify or terminate the consent degree be denied and that the motion to enforce the consent decree be granted in part. The district court, upon reviewing the report and the objections thereto, adopted the magistrate's recommendation in its entirety. In its appeal, the department charged that it had proved a change of circumstances warranting a modification of the judgment and a defect and/or deficiency in the judgment that impeded the achievement of its objectives. The department also argued that public policy required modification of the institutional consent judgment.
 
 
 3
 A district court's decision to modify or enforce a consent decree is reviewed under the abuse of discretion standard. Heath v. DeCourcy, 888 F.2d 1105, 1110 (6th Cir.1989). An institutional consent decree, because it impacts "on the public's right to sound and efficient operations of its institutions," is evaluated under a more flexible standard than a commercial consent judgment between private parties. Heath, 888 F.2d at 1109. Thus, to modify an institutional consent decree, the district court "need only identify a defect or deficiency in its original decree which impedes achieving its goal, either because experience has proven it less effective, disadvantageous, or because circumstances and conditions have changed which warrant fine-tuning the decree." Heath, 888 F.2d at 1110.
 
 
 4
 The district court correctly applied this standard in denying the department's motion. The department failed to prove a defect in the decree itself that impeded the narrow objectives of the judgment, which was to ensure the prisoners a minimum visitation time. Although the department cited institutional security as a change of circumstances that would warrant fine-tuning the judgment, several of the additional security measures proposed or adopted by the prison were not prohibited by the strictures of the existing decree, and the evidence did not prove a decline in institutional security, but rather reflected a decided improvement in security in the prison visitation area since the entry of the judgment in 1982.
 
 
 5
 Finally, the Heath standard incorporated the public interests as a criteria in considering a modification of a consent judgment, which the magistrate judiciously evaluated and which the district court separately considered in adopting the recommendation. Thus, the district court did not abuse its discretion in denying the department's motion.
 
 
 6
 Accordingly, the district court's order adopting the magistrate's report denying the department's motion for modification or termination of the consent judgment, for the reasons stated herein, is AFFIRMED in its entirety.
 
 
 
 [1]
 Since this suit was filed, Perry Johnson, then director of the department, has retired and Charles Egeler, then warden of the prison, has died